UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CATHERINE LOW, a single woman,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>PATRICK R. DONAHOE, Postmaster General of the United States,<br><br>　　　　　　　　Defendant. | NO: 2:14-CV-0226-TOR<br><br>ORDER GRANTING MOTION TO DISMISS |

BEFORE THE COURT is Defendant's Motion to Dismiss (ECF No. 11). Dustin Deissner represents Plaintiff. Vanessa R. Waldref represents Defendant. This matter was submitted for consideration without oral argument. The Court has reviewed the completed briefing and the record and files herein, and is fully informed.

## FACTS

On January 3, 2011, Plaintiff suffered injuries when she slipped on ice outside a United States Post Office building. ECF No. 1 at ¶ II(A). On February 1,

ORDER GRANTING MOTION TO DISMISS ~ 1

2011, Plaintiff's counsel sent a letter to the Postal Service indicating that Plaintiff had slipped on the ice and requesting the Postal Service to have its insurance carriers contact Plaintiff's counsel. ECF No. 11-1 Ex. A (Arstad declaration). Steven Arstad, a Postal Service tort claim coordinator, responded on February 7, 2011, and notified Plaintiff's counsel that proper consideration of the claim required a completed Standard Form (SF) 95 claim form, which Arstad enclosed therein. ECF No. 11-1 Ex B. The letter also directed counsel's attention "to the instructions on the reverse side of the claim form" and instructed counsel to "[c]omplete all sections of the claim form." *Id.* The letter further indicated that "[v]alid claims must be received within two years of the accident date to be considered." *Id.*

Plaintiff's counsel replied by letter on March 11, 2011, and enclosed a SF 95 claim form. ECF Nos. 1-1 at 1; 11-1 Ex. D; 14 at ¶ 2. The claim form was signed by Plaintiff, but undated. ECF No. 1-1 at 1. Box 12b of the form, in which Plaintiff was to indicate the amount of the claim for personal injury, stated: "unknown." ECF Nos. 1-1 at 1; 14 at ¶ 3. Box 12d, in which Plaintiff was to indicate the total amount for her claim, was left blank. ECF No. 1-1 at 1. On March 14, 2011, Arstad replied:

> This is in regard to the claim filed pursuant to the Federal Tort Claims Act.

ORDER GRANTING MOTION TO DISMISS ~ 2

> The Claim submitted is incomplete as a sum certain (exact dollar amount) has not been specified (see attached copy). This claim is therefore invalid. Please refer to the instructions on the reverse of the form.
>
> If your client is still treating for injury please wait until treatment has concluded to file this claim. At that time, please complete a new form SF 95 "Claim for Damage, Injury or Death" being certain to complete all boxes and indicating amounts on line 12 including a "Sum Certain" in box 12d and return to this office for processing.
>
> In the event you have any questions or need assistance in completing the form, please telephone me at the number listed below.

ECF Nos. 11-1 Ex. E; 13-2; 14 at ¶ 4.

Plaintiff did not file a completed SF 95 claim form until August 16, 2013.[1] ECF No. 14 at ¶ 6. The Postal Service denied the claim on May 22, 2014. *Id.* at ¶ 7. Plaintiff filed a complaint in this Court on July 15, 2014, seeking damages under the Federal Tort Claims Act (FTCA). ECF No. 1.

//

---

[1] Plaintiff attempted to file the claim on August 16, 2013. ECF No. 13-3. This claim appears to have been returned undelivered and thereafter Plaintiff sent the claim a second time on August 26, 2013, which was received by Arstad on August 29, 2013. ECF No. 11-1 Ex. F. For purposes of this motion, the Court assumes *arguendo* that the claim was filed on August 16, 2013, as asserted in Plaintiff's statement of undisputed fact. ECF No. 14 at ¶ 6.

ORDER GRANTING MOTION TO DISMISS ~ 3

## DISCUSSION

Defendant seeks dismissal under Federal Rule of Civil Procedure 12(b)(6), alleging that Plaintiff's claim is precluded by the FTCA's two-year statute of limitations. ECF No. 11. Plaintiff contends, first, that her claim was filed on March 11, 2011, and that the subsequent filing merely represented an amendment to that claim. ECF No. 12 at 3–4. Second, Plaintiff contends that "[u]nder basic principles of equity, the actions of the Post Office would comprise waiver, or compel estoppel to assert limitations under these circumstances." *Id.* at 4–5.

"A statute-of-limitations defense, if apparent from the face of the complaint, may properly be raised in a motion to dismiss." *Seven Arts Filmed Entm't Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (internal quotation marks omitted). Dismissal of a complaint on a statute-of-limitations defense is proper if "it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim" and all factual questions are clearly resolved in the pleadings themselves. *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995).

However, Defendant has submitted a declaration and attached documents in support of the motion to dismiss and relies upon this information in arguing for dismissal. "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be

treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Plaintiff acknowledges that, in entertaining evidence outside of the pleadings, this matter should be treated as a motion for summary judgment and asserts she has "complied with the requirements of Rule 56 if the Court elects to treat this as a Summary Judgment motion." ECF No. 12 at 3. Plaintiff has submitted her own declaration and documentation in support of her opposition to the motion. ECF No. 13; *see also* Fed. R. Civ. P. 12(d) ("All parties must be given reasonable opportunity to present all the material that is pertinent to the motion."). As such, the Court will treat Defendant's motion as one for summary judgment.

Summary judgment may be granted to a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific genuine issues of material fact which must be decided by a jury. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. In ruling upon a summary judgment motion, a court must construe the facts, as well as all rational inferences

ORDER GRANTING MOTION TO DISMISS ~ 5

therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). Only evidence which would be admissible at trial may be considered. *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002).

The FTCA contains a statute of limitations under which a tort claim must be "presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). For purposes of this provision,

> a claim is deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident[.]

28 C.F.R. § 14.2(a). A claim must include "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Warren v. U.S. Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir. 1984) (en banc). A claim is not validly presented if it does not contain a demand for payment of a certain sum. *Avril v. United States*, 461 F.2d 1090, 1091 (9th Cir. 1972) ("It is plain that the required 'claim' is something more than mere notice of an accident and an injury. The term 'claim' contemplates, in general usage, a demand for payment or relief, and, unless it is a claim *for* something, is no claim at all." (emphasis in original)).

ORDER GRANTING MOTION TO DISMISS ~ 6

The SF 95 form "contains a conspicuous space" for providing the amount of a claim. *Id.* at 1091. Box 12 of the SF 95 form contains four sub-boxes for listing amounts for property damage (12a), personal injury (12b), wrongful death (12c), and total amount of the claim (12d). *E.g.*, ECF No. 1-1 at 1. Box 12d contains the written warning, "Failure to specify may cause forfeiture of your rights." *Id.* Box 12 also directs claimants to "[s]ee instructions on reverse." *Id.* The reverse side of the form contains the following warning:

> A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMAINT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLIAM FOR MONEY DAMAGES IN A <u>**SUM CERTAIN**</u> FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT.  THE CLAIM MUST BE PRESENTED TO THE APROPRIATE FEDERAL AGENCY WITHIN <u>**TWO YEARS**</u> AFTER THE CLAIM ACCRUES.

*E.g.*, ECF No. 11-1 Ex. D at 3 (emphasis in original). Below this, the form reiterates, in the only two portions printed in bold type, that

> **Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid.  A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**
>
> . . . .
>
> (d) **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

ORDER GRANTING MOTION TO DISMISS ~ 7

*Id.* (emphasis in original).

Plaintiff does not dispute any of the above facts, including that Plaintiff's March 11, 2011, SF 95 form did not include demand for payment of a certain sum. *See* ECF No. 14 at ¶ 3. Nevertheless, Plaintiff contends that the March 11, 2011, SF 95 form represents a validly presented claim. Plaintiff argues that the FTCA "does not actually require a demand for a sum certain, rather it precludes damages in excess of the amount claimed, which where there was no sum certain set out, would be zero." ECF No. 12 at 3–4. Plaintiff contends further that her claim for an unspecified amount was accepted by Arstad in March 2011 and that she merely amended it in August 2013 based on "newly discovered evidence or intervening facts." *Id.* at 4 (citing 28 U.S.C. § 2675). The Court rejects this argument in the face of the clear and unambiguous requirement that an FTCA claim is not validly presented unless it includes a demand for a sum certain. *See* 28 C.F.R. § 14.2(a); *Warren*, 724 F.2d at 780. While a claimant may later amend a validly presented claim under 28 U.S.C. § 2675, a claim is not validly presented in the first place unless it contains a demand for a sum certain.

It is undisputed that the March 11, 2011, SF 95 claim did not include a demand for an amount certain. Therefore, the SF 95 form was not a validly

ORDER GRANTING MOTION TO DISMISS ~ 8

presented claim.[2]  Plaintiff was required to present a valid claim by January 3, 2013, two years after her injury.  Plaintiff did not present a valid claim until August 16, 2013.  Thus, absent equitable adjustment of the statute of limitations, her claim is "forever barred" under § 2401(b).

Plaintiff argues that, even though her claim was not filed until after the two year statute of limitations, the "basic principles of equity" compel the Court to conclude that the statute of limitations should be tolled or that Defendant should be estopped from asserting the statute of limitations.  ECF No. 4, 8–9.  Defendant contends that, even if equitable tolling is applicable to the FTCA's statute of limitations, Plaintiff has not shown that she acted diligently or that extraordinary circumstances prevented her from filing earlier.  ECF No. 16 at 5–8.

The Ninth Circuit has recently held that the two year statute of limitations is not jurisdictional, but merely a "claims-processing" provision, and as such

---

[2] Plaintiff asserts that her counsel believed from the language of Arstad's March 14, 2011, letter that her claim was filed and "merely needed to be amended to set out completed treatment and a sum certain demand."  ECF Nos. 12 at 4; 14 at ¶ 5. Any such inference was unreasonable given the express language of the SF 95 form and of the March 14 letter itself which states unequivocally, "The claim is incomplete as a sum certain (exact dollar amount) has not been specified" and, "*This claim is therefore invalid.*"  ECF No. 13-2 (emphasis added).

ORDER GRANTING MOTION TO DISMISS ~ 9

"equitable adjustment of the limitations period in § 2401(b) is not prohibited." *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1038, 1051 (9th Cir. 2013), *cert. granted*, 134 S. Ct. 2873 (2014).[3] Plaintiff has asserted the application of two different equitable adjustments to her claim: equitable tolling of the statute of limitations and equitable estoppel that prevents the government from asserting the statute of limitations. The Court addresses each in turn.

In appropriate circumstances, the equitable tolling doctrine may be used to adjust the § 2041(b) time limit. *Kwai Fun Wong*, 732 F.3d at 1038. This doctrine

---

[3] The Supreme Court has recently heard arguments in an appeal of the Ninth Circuit's opinion in *Kwai Fun Wong*. The Supreme Court's resolution of the case will have no bearing on the outcome of the matter at hand. If the Supreme Court affirms the claims-processing nature of § 2401(b), Plaintiff's claims is nevertheless barred because, as the Court discusses below, she has not established that equitable adjustment of the time period is appropriate in this case. If the Supreme Court concludes § 2401(b) is jurisdictional then Plaintiff's claim is barred solely on the ground that she did not present a valid claim within two years of her injury. Given this result, the Court need not consider Defendants' argument that "[p]roviding a 'sum certain' is a separate jurisdictional requirement under 28 U.S.C. § 2675(a), distinct from the statute of limitations in § 2401(b)." ECF 16 at 8–9.

"enables courts to meet new situations [that] demand equitable intervention, and to accord all the relief necessary to correct . . . particular injustices." *Id.* (quoting *Holland v. Florida¸* 560 U.S. 631, 650 (2010)). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Credit Suisse Sec. (USA) LLC v. Simmonds*, 132 S. Ct. 1414, 1419 (2012) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (emphasis omitted).

The first element requires the litigant to show she undertook "the effort that a reasonable person might be expected to deliver under his or her particular circumstances." *Kwai Fun Wong*, 732 F.3d at 1052 (quoting *Doe v. Busby*, 661 F.3d 1001, 1015 (9th Cir. 2011). "Central to the analysis is whether the plaintiff was 'without any fault' in pursuing his claim." *Id.* (quoting *Fed. Election Comm'n v. Williams*, 104 F.3d 237, 240 (9th Cir. 1996)).

The second element requires the litigant to show "that 'extraordinary circumstances were the cause of his untimeliness and . . . ma[de] it impossible to file [the document] on time.'" *Id.* (quoting *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009)) (alterations in original). "Accordingly, '[e]quitable tolling is typically granted when litigants are unable to file timely [documents] as a result of

external circumstances beyond their control.'" *Id.* (quoting *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)).

Plaintiff argues that equitable tolling should adjust the time restraints in this case. She argues:

> Plaintiff's counsel exercised all diligence in filing the initial tort claim in a timely manner, except for not inserting a sum certain claim. That was because the sum certain could not then be determined as treatment was ongoing. The critical issue of course is that the Post Office actually directed Plaintiff to wait to file her claim until treatment was completed, which didn't occur until the time of the 2nd claim filing.

ECF No. 12 at 9. The Court disagrees.

The March 14, 2011, letter from Arstad does indeed state: "If your client is still treating for injury please wait until treatment has concluded to file this claim. At that time, please complete a new form SF 95 . . . and return to this office for processing." ECF No. 13-2. However, the circumstances surrounding this statement do not establish that Plaintiff's counsel had an "excusable ignorance of the limitations period." *See Lehman v. United States*, 154 F.3d 1010, 1016 (9th Cir. 1998).

Arstad "had no duty to inform the plaintiff of the statute of limitations." *Id.* Nevertheless, Arstad informed Plaintiff's counsel of the two-year statute of limitations in the February 7, 2011 letter. ECF No. 11-1 Ex. B. Arstad also directed Plaintiff's counsel to the SF 95 instructions in both the February 7 and

ORDER GRANTING MOTION TO DISMISS ~ 12

1   March 14 letters.  ECF No. 11-1 Exs. B, E.; 13-2.  Those instructions clearly state,
2   "THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL
3   AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES," and
4   "**Failure to completely execute this form or to supply the requested material**
5   **within two years from the date the claim accrued may render your claim**
6   **invalid.**"  ECF No. 11-1 Ex. D (emphasis in original).

7       Arstad's comment that Plaintiff should wait for treatment to be finished must
8   be read in the full context of the February and March letters and the clear
9   instructions on SF 95.  As such, Arstad's statement merely informed Plaintiff's
10  counsel to file a claim when Plaintiff had a more certain notion of the amount of
11  damages sought; the statement did not obviate the clearly applicable statute of
12  limitations.  There is nothing in Arstad's letter indicating that the Postal Service
13  would toll the statute of limitations or forego a statute-of-limitations defense.  *See*
14  *Lehman*, 154 F.3d at 1016.  It was counsel's duty to protect Plaintiff's interests, not
15  Astrad's duty.  Plaintiff simply failed to exercise due diligence in preserving her
16  rights by timely presenting a valid claim in accordance with § 2041(b) even though
17  this requirement was evident in a number of ways.

18      Moreover, there are no extraordinary circumstances in this case which would
19  have prevented Plaintiff from filing a timely claim.  Plaintiff could have presented
20  a valid claim, demanding a sum certain, anytime within the two-year window

ORDER GRANTING MOTION TO DISMISS ~ 13

based upon treatment up to that point and projecting the damages forward.[4]  No unusual circumstances prevented Plaintiff from doing so.  *See Lehman*, 154 F.3d at 1016 ("[T]he affidavit does *not* state that the government prevented plaintiffs from re-filing the action, for example, by creating impossible timing.").  Plaintiff's lapse in filing a timely claim may have resulted from failing to appreciate the applicable statute of limitations, but such negligence is not the type of injustice which warrants invoking the equitable tolling doctrine.  *See Holland*, 560 U.S. at 651–52 ("[A] garden variety claim of excusable neglect . . . such as a simple miscalculation that leads a lawyer to miss a filing deadline . . . does not warrant equitable tolling." (internal quotation marks and citation omitted)).

Plaintiff also invokes the equitable estoppel doctrine and argues that Defendant should be estopped from asserting the statute of limitations because "Plaintiff believed it could rely on the Post Office's direction to wait, and did so."  ECF No. 12 at 9.  The Ninth Circuit has held that in certain cases, where "justice and fair play require," the doctrine of equitable estoppel may be applied against the government.  *Watkins v. U.S. Army*, 875 F.2d 699, 706 (9th Cir. 1989).  However, it is well-settled law "that the government may not be estopped on the same terms

---

[4] Amendment of this claim would have been appropriate at a later point based upon any changes in Plaintiff's treatment.  *See* 28 U.S.C. § 2675.

as a private litigant." *Id.* (citing *Heckler v. Cmty. Health Srvcs. of Crawford Cnty., Inc.*, 467 U.S. 51, 60 (1984)). A party asserting equitable estoppel against the government must establish that "(1) the government engaged in affirmative misconduct going beyond mere negligence; (2) the government's wrongful acts will cause a serious injustice; and (3) the public's interest will not suffer undue damage by imposition of estoppel." *Baccei v. United States*, 632 F.3d 1140, 1147 (9th Cir. 2011). The burden of proof lies with the party seeking to raise estoppel. *Id.* Only after this threshold showing is met, will courts consider the traditional elements of estoppel. *See Watkins*, 875 F.2d at 709; *see also United States v. Hemmen*, 51 F.3d 883, 892 (9th Cir. 1995).

Plaintiffs have made no showing of the elements required to assert estoppel against a federal governmental entity. Based upon the undisputed facts, the Court concludes that Arstad did not engage in affirmative misconduct going beyond mere negligence in stating that Plaintiff could wait until treatment was complete before filing as this is not an affirmative misrepresentation or concealment of a material fact. *See Baccei*, 632 F.3d at 1147 ("Affirmative misconduct on the part of the government requires an affirmative misrepresentation or affirmative concealment of a material fact . . . such as a deliberate lie or a pattern of false promises." (citations omitted)). The Court also concludes that Arstad's statement did not cause Plaintiff a profound or unconscionable injury amounting to a serious

ORDER GRANTING MOTION TO DISMISS ~ 15

injustice. Though the statement may be considered ambiguous, it did not compel Plaintiff to forgo filing within the two-year timeframe. *See Schuster v. C.I.R.*, 312 F.2d 311, 317 (9th Cir. 1962) ("[A] person might sustain such a profound and unconscionable injury in reliance on the Commissioner's action as to require, in accordance with any sense of justice and fair play, that the Commissioner not be allowed to inflict the injury.").

There is no genuine dispute as to any material fact in this case. The undisputed facts establish that Plaintiff did not present a valid claim until after the two-year statute of limitations had run. The undisputed facts also establish that Plaintiff is not entitled to any equitable adjustment of the statute of limitations. Therefore, Defendant is entitled to judgment as a matter of law.[5]

//
//
//
//
//

---

[5] Because the Court grants summary judgment in Defendant's favor, it need not address Defendant's contention that the wrong entity was named as the defendant in this case.

ORDER GRANTING MOTION TO DISMISS ~ 16

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion to Dismiss (ECF No. 11) is **GRANTED**.

The District Court Executive is hereby directed to enter this Order, enter **JUDGMENT** for Defendant on all claims, provide copies to counsel, and **CLOSE** the file.

**DATED** March 31, 2015.



THOMAS O. RICE
United States District Judge